THORNAL, Justice.
Appellant, Van Aartsen, who was relator in a mandamus proceeding below, seeks reversal of an order denying a peremptory writ notwithstanding the return and dismissing the alternative writ.
The point for determination is whether appellant as an owner of an outstanding “ownership unit” created by contract in the acquisition of the properties of Surf Hotel Corporation by The Surf Club, a non-profit corporation, is entitled to inspect the books of the Club to ascertain the names and addresses of other holders of such ownership unit.
The factual situation which produced the mandamus proceeding is set forth in detail in our opinion in The Surf Club v. Motland, 93 So.2d 384. The relator, Van Aartsen, admittedly a holder of one-half of an outstanding ownership unit of The Surf Club, requested the respondent Barton, as Secretary of The Surf Club, to permit him to inspect the books of the club to ascertain the names and addresses of other ownership unit holders. The request was denied. Van Aartsen thereupon sought a writ of mandamus to compel the club to permit inspection to obtain the desired information.
In our opinion in The Surf Club v. Motland, 93 So.2d 384, we pointed out that after January 1, 1955, the holders of un-cancelled ownership units enjoyed the complete voting rights of the club. Prior to that date they had no such right. Furthermore, under the club bylaws any disposition or encumbrance of the club’s property or change in the bylaws required the consent of sixty per cent of the holders of outstanding units. Appellant-relator was one’ of these. Although the position of the appellant is not the same as that of a stockholder in a corporation for profit, he nonetheless now enjoys a voting privilege in The Surf Club. To that extent, he is entitled to know the names and addresses of others similarly conditioned. He has the right to communicate with such other holders of ownership units and to discuss with them matters that involve their mutual interest in the club such as they are.
We have examined the respondent’s re turn to the alternative writ and find nothing therein that would preclude the relator from obtaining the desired information so long as he holds an unredeemed ownership unit. Of course, if and when the ownership unit held by him has been redeemed, the privilege of examining the books would terminate.
*390 For the reasons stated, the order dismissing the alternative writ is reversed with directions to enter a peremptory writ pursuant to the prayer of the petition therefor.
Reversed with directions.
TERRELL, Acting Chief Justice, HOB-SON, J., and LOPEZ, Associate Justice, concur.